**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| CARLOS ALBERTO CAVALCANTI COELHO, JR, <br><br> Plaintiff, <br><br> vs. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:21-cv-197 |

## NOTICE OF REMOVAL

Defendant Cognizant Technology Solutions Services, LLC, hereby removes this case from the District Court for Polk County, Iowa, on the basis of federal question jurisdiction and diversity of citizenship under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

**I.      THE STATE COURT ACTION**

1.      On May 27, 2021, Plaintiff Carlos Alberto Cavalcanti Coelho, Jr filed a lawsuit in the District Court for Polk County, Iowa, entitled *Carlos Alberto Cavalcanti Coelho, Jr v. Cognizant Technology Solutions Services, LLC*, Case No. LACL150737 (the "State Court Action").

2.      Plaintiff served a copy of the Petition on Corporation Service Company, Defendant's agent for service of process, on June 2, 2021. This service was Defendant's first legal notice of the State Court Action for purposes of removal. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the State Court Action are attached as Exhibit A.

3.      In his Petition filed in the State Court Action, Plaintiff alleges three counts: (1) Disability Discrimination and Retaliation in Violation of the Iowa Civil Rights Act ("ICRA"), (2) Violation of Iowa Wage Payment Collection Law Wage Theft, (3) Interference in Violation of the Family and Medical Leave Act ("FMLA"). (Petition, Ex. A, ¶¶ 65-81).

4.      This Notice of Removal is timely under 28 U.S.C. 1446(b) because it is filed within 30 days of service of the Petition on Defendant.

## II.    JURISDICTION AND VENUE

5.      This is a civil action over which this Court has original jurisdiction under both 28 U.S.C. §§ 1331 and 1332, and it is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

6.      By filing this Notice of Removal, Defendant does not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to, sufficiency of process, service of process, and jurisdiction.

7.      Venue is proper in this Court because the case was originally filed in the District Court for Polk County, Iowa, which is within this judicial district. 28 U.S.C. §§ 95(b)(2), 1441(a), and 1446(a); Local Rule 3(b).

## III.    FEDERAL QUESTION JURISDICTION

8.      Plaintiff is pursuing this action under a federal statute, specifically, the FMLA (29 U.S.C § 2601, *et seq*).

9.      Therefore, Count III, which is based on this federal statute, is within this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10.     With respect to the causes of action that may be considered separate and independent from those arising under federal law, they are also removable under 28 U.S.C. § 1441.

This Court has jurisdiction over Plaintiff's state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a) as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution. Thus, this action is removable in its entirety.

## IV.   DIVERSITY OF CITIZENSHIP

### A.   Defendant is diverse.

11.    In addition to federal question jurisdiction, this Court has jurisdiction over Plaintiff's claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because complete diversity exists between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.    For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

13.    An individual is a citizen of the state in which he or she resides. *Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1122 (S.D. Iowa 2007). Plaintiff alleges in his Petition that he resides in the State of Iowa. (Petition, Ex. A, ¶ 2). Plaintiff, accordingly, is a citizen of Iowa.

14.    For purposes of diversity, a limited liability company's citizenship is determined by the citizenship of each of its members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). To determine jurisdiction, a court evaluates a parties' status at the time of the lawsuit's filing. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

15. Cognizant Technology Solutions U.S. Corporation is the sole member of Defendant Cognizant Technology Solutions Services, LLC. (Declaration of Jared Barcenas, Exhibit B, ¶ 4). Cognizant Technology Solutions U.S. Corporation is incorporated in the State of Delaware and has its principal place of business in Texas. (*Id.* at ¶ 5). Therefore, Defendant Cognizant Technology Services, LLC is a citizen of Delaware and Texas, and not Iowa.

**B.     A fact finder might legally conclude the amount in controversy exceeds $75,000.**

16. Diversity jurisdiction requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

18. The standard for determining whether a plaintiff's claim meets the jurisdictional threshold is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Siouxland Cmty. Blood Bank v. Holcomb Freightliner, Inc.*, 2011 WL 1457114, at *4 (N.D. Iowa Apr. 13, 2011) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). Defendant need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if he were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp*, 280 F.3d at 885; *see also Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822-23 (8th Cir. 2011). Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to "a legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885;

*see also Schubert*, 649 F.3d at 822-23.

19. Defendant denies the validity and merit of all of Plaintiff's claims and denies his requests for relief thereon, however, based on Plaintiff's claims and requests for relief, a fact finder might legally conclude that the amount *in controversy* in this action exceeds $75,000, exclusive of interest and costs.

20. In Count I, Plaintiff claims he has "in the past and will in the future suffer injuries and damages" and seeks damages for "mental and emotional distress, embarrassment, betrayal, stress, loss of enjoyment of life, medical expenses, lost wages, and employment benefits." (Petition, Ex. A, ¶ 64). He seeks "judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief, for prejudgment and postjudgment interest, for attorney fees including litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act." (Petition, Ex. A, WHEREFORE clause following ¶ 64).

21. In Count II, Plaintiff claims he has "lost wages" (Petition, Ex. A, ¶ 69) and seeks "judgement against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for attorney fees, including litigation expenses, for prejudgment and postjudgment interest, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Wage Payment Collection Law." (Petition, Ex. A, WHEREFORE clause following ¶ 69).

22. In Count III, Plaintiff claims he has "in the past and will in the future suffer damages including lost wages and employment benefits" (Petition, Ex. A, ¶ 81) and seeks "judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, for

liquidated damages, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the FMLA. (Petition, Ex. A, WHEREFORE clause following ¶ 81).

23. Plaintiff's last day working was on September 23, 2019. (Declaration of Jared Barcenas, Ex. B, ¶ 3). Thus, as of the date of this filing, Plaintiff is likely claiming over 92 weeks of lost wages.

24. The ICRA permits recovery for emotional distress damages for the entire period a plaintiff's rights were violated and, unlike federal law, the Act does not cap compensatory damages. *Ewing v. Fed. Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707, 717 (S.D. Iowa 2009). Thus, if Plaintiff succeeds in establishing liability, a fact finder might legally conclude that his compensatory damages alone would exceed $75,000.

25. Jury verdicts received by plaintiffs in other Iowa Civil Rights Act cases have exceeded $75,000:

- *Sheila Oyler and Julie Schemmel v. Laxmee Inc., et al.*, No. LACV058056 (Iowa District Ct., Dubuque County, 2015): jury awarded plaintiffs $1.2 million in compensatory damages.

- *Debi Erwine v. UGL Services Unicco Operations Co.*, et al., No. 08681 LALA003532 (Iowa District Ct., Monroe County, 2011): jury awarded plaintiff $500,000 for past lost earnings, emotional distress, and future emotional distress damages, as well as $1.5 million in punitive damages.

- *Tina Haskenhoff v. Homeland Energy Solutions, LLC, et al.*, No. LACV003218 (Iowa District Ct., Chickasaw County, 2014): jury awarded plaintiff $1.3 million in compensatory damages.

- *Danielle Rennenger v. Manley Toy Direct L.L.C., et al.*, No. 4:10-cv-00400-JEG-RAW (S.D. Iowa 2015): jury awarded plaintiff $82,727 in lost wages, $1,000,000 in past emotional distress, $800,000 in future emotional distress, and $10,000,000 in punitive damages.

26. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. Even the most conservative estimate of Plaintiff's counsel's fees through trial would exceed $75,000. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (where appellee argued "that the maximum possible amount in controversy [was] less than $50,000—that is, less than the amount necessary to establish federal jurisdiction," the court found because "attorney's fees [were] also at stake … the amount in controversy [was] well over $50,000 (citing *Ward v. City National Bank and Trust Co.,* 379 S.W.2d 614 (Mo. 1964)).

27. Considering the *combination* of Plaintiff's potential claims for lost wages, compensatory damages, liquidated damages, and attorneys' fees, a fact finder might legally conclude that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Accordingly, Defendant has demonstrated that this matter meets the amount in controversy requirement for removal of this action.

**V.      COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

28. As required by 28 U.S.C. § 1446(d), Defendant will promptly file a copy of Notice of Removal with the Clerk of the District Court for Polk County, Iowa, and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

**VI.     CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Defendant hereby removes the State Court Action from the District Court for Polk County, Iowa, to this Court and requests that the Court assume full jurisdiction over this matter.

Respectfully submitted,

*/s/ Jeannie M. DeVeney*
Jeannie M. DeVeney, AT0002008
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, a true and correct copy of the foregoing was electronically submitted via the Court's e-filing system, which generated notice of same to the following counsel of record:

David Albrecht, AT0012635
Amy Beck, AT0013022
FIEDLER LAW FIRM, P.L.C.
8831 Windsor Parkway
Johnston, IA 50131
Telephone: 515.254.1999
Facsimile: 515.254.9923
david@employmentlawiowa.com
amy@employmentlawiowa.com

ATTORNEYS FOR PLAINTIFF

*/s/ Jeannie M. DeVeney*
ATTORNEY FOR DEFENDANT
