# EXHIBIT A

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CARLOS ALBERTO CAVALCANTI COELHO, JR, | Case No. _____ |
| Plaintiff, | |
| vs. | **PETITION** |
| COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, | **and**<br>**JURY DEMAND** |
| Defendant. | |

**COMES NOW** the Plaintiff, and for his cause of action against Defendant states the following:

## INTRODUCTION

1.   This is an action under the Iowa Civil Rights Act, the Iowa Wage Payment Collection Law, and the Family Medical Leave Act, challenging Defendant's illegal conduct against Plaintiff.

2.   Plaintiff Carlos Alberto Cavalcanti Coelho, Jr. ("Carlos") is a resident of Polk County, Iowa.

3.   Defendant Cognizant Technology Solutions Services, LLC is an Arizona corporation doing business in Polk County, Iowa.

4.   The acts about which Plaintiff complains occurred in Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

5.   On February 14, 2020, within 300 days of the acts of which he complains, Carlos filed charges of employment discrimination and retaliation against Defendant with the Iowa Civil Rights Commission.  Due to a conflict, the Commission transferred Carlos' complaint to the Des Moines Human Rights Commission.

E-FILED 2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

6.    On February 10, 2021, the Des Moines Human Rights Commission administratively closed Plaintiff's complaint and on April 7, 2021, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

7.    On November 20, 2013, Defendant hired Carlos as a Senior Process (Executive Level in Programming) to provide technical support over the phone and by live internet chat.

8.    Carlos was an hourly, non-exempt employee.

9.    Though Carlos' shift began at 8:00 a.m., Carlos typically arrived to work at 7:45 a.m.

10.    Defendant ordered Carlos to begin working at 7:45 a.m.

11.    Defendant failed to pay Carlos for these 15 minutes of work.

12.    Defendant also forced Carlos to work during his unpaid lunch hour.

13.    Carlos repeatedly complained about Defendant's failure to pay him for all the time he worked.

14.    Around 2015, Kleber De Souza became Carlos' manager.

15.    In February 2018, Carlos became very sick.  He was hospitalized for five days and eventually diagnosed with Hepatitis B.

16.    De Souza knew Carlos missed work because he was hospitalized, but still issued him a disciplinary attendance point for the absence.

17.    De Souza told Carlos he had to choose between his health and his job.

18.    Carlos continued to miss work for doctor's appointments every few months due to his Hepatitis B.

19.    Around May 2019, De Souza told Carlos' direct supervisor, David Blinshenko, to start assigning Carlos the most difficult cases.

20.    These cases were more time-consuming and complex or involved difficult clients.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

21.     Blinshenko claimed they were assigning Carlos these cases because he was so good at his job.

22.     Carlos had been a top performer, but because the difficult cases took longer to close and the clients tended to be angrier, Carlos' performance numbers suffered.

23.     Carlos repeatedly asked Blinshenko to stop assigning him an overwhelming number of difficult cases, but Blinshenko persisted in doing so.

24.     The added stress exacerbated Carlos' Hepatitis B.

25.     Carlos also began to suffer from depression brought on by stress at work.

26.     Around August 13, Defendant placed Carlos on a performance improvement plan ("PIP").

27.     Many of the "issues" identified in the PIP occurred as the direct result of Defendant's retaliatory work assignments.

28.     The PIP was supposed to last until September 13, 2019.

29.     From August 13 to 26, Carlos continued working but struggled because his Hepatitis B was flaring up.

30.     The increased stress forced Carlos to use paid time off from August 26 to 30.

31.     Carlos' health deteriorated to the point his immune system began crashing.  Carlos was hospitalized from September 2 through 5.

32.     Carlos' wife, Hilda, notified De Souza and Blinshenko about Carlos' hospitalization.

33.     On September 9, Carlos returned to work, but he became very ill and almost lost consciousness.

34.     Carlos' doctor ordered him off work for the rest of the week.

35.     On September 12, Hilda messaged Blinshenko that Carlos had fainted.  She said Carlos was unable to walk, was short of breath, and may have to change his medication.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

36.     Hilda asked Blinshenko who she should contact to apply for short-term disability.

37.     Blinshenko failed to respond.

38.     On September 16, Carlos again tried to return to work but was unable to complete the workday.  Hilda picked him up and took him to the doctor.

39.     Around 10:30 a.m., Carlos emailed Defendant's Benefits department that he had been hospitalized.  Carlos requested FMLA and short-term disability paperwork.

40.     Hilda also sent a doctors' note about Carlos' inability to work to Blinshenko.  Hilda also reported that she and Carlos had contacted the Benefits Department.

41.     The evening of September 16, Carlos again emailed the Benefits and Human Resources Departments.  Carlos asked for FMLA and short-term disability paperwork "as soon as possible."  Carlos explained he had "a medical condition and [was] unable to perform [his] work."

42.     By September 22, Defendant still had not responded.  Carlos sent another email, stressing it was "an urgent matter."

43.     Later that day, Carlos received and returned an official Leave of Absence Form.

44.     On the form, Carlos wrote that he was hospitalized from September 2 through 5, and that he had gotten sick when he tried to return on September 9.  Carlos also reported that his doctor excused him from working until September 23.

45.     Carlos returned to work on September 23 but could not login to his computer.

46.     Carlos sought out Blinshenko, to find out what was going on.

47.     Blinshenko fired Carlos on the spot.

48.     Blinshenko claimed Carlos failed to complete the PIP.

49.     The PIP was supposed to run from August 12 to September 12.

50.     Carlos had been on protected leave since August 26.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

51.     David Blinshenko was an employee and agent of Defendant, acting at all material times within the scope of his employment and agency.

52.     Kleber De Souza was an employee and agent of Defendant, acting at all material times within the scope of his employment and agency.

## COUNT I
## VIOLATIONS OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION AND RETALIATION

53.     Plaintiff repleads paragraphs 1 through 52 as if fully set forth herein.

54.     Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

55.     Plaintiff's Hepatitis B substantially limited one or more major life activities, including but not limited to his ability to take care of himself, walk, perform manual tasks, and work.

56.     Plaintiff's Hepatitis B also affected Plaintiff's muscular, digestive, central nervous, endocrine, and circulatory systems.

57.     In the alternative, Defendant perceived Plaintiff as being disabled.

58.     Defendant discriminated against Plaintiff and fired him.

59.     Plaintiff's disability was a motivating factor in Defendant's discrimination.

60.     Plaintiff requested reasonable accommodations.

61.     Defendant failed to accommodate Plaintiff.

62.     Defendant retaliated against Plaintiff and fired him.

63.     Plaintiff's requests for reasonable accommodations were a motivating factor in Defendant's retaliation.

64.     As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, embarrassment, betrayal, stress, loss of enjoyment of life, medical expenses, lost wages, and employment benefits.

5

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief, for prejudgment and postjudgment interest, for attorney fees including litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF IOWA WAGE PAYMENT COLLECTION LAW
## WAGE THEFT

65.     Plaintiff repleads paragraphs 1 through 64 as if fully set forth.

66.     Plaintiff was an hourly, non-exempt employee.

67.     Plaintiff performed work on behalf of Defendant before his normal hours and during his unpaid lunch hour.

68.     Defendant intentionally failed to pay Plaintiff the full amount of his wages due in violation of the Iowa Wage Payment Collection Law.

69.     As a result of Defendant's acts and omissions, Plaintiff has lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for attorney fees, including litigation expenses, for prejudgment and postjudgment interest, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Wage Payment Collection Law.

## COUNT III
## INTERFERENCE IN VIOLATION OF FAMILY MEDICAL LEAVE ACT

70.     Plaintiff repleads paragraphs 1 through 69 as if fully set forth herein.

71.     At all times material to this case, Defendant Cognizant Technology Solutions Services, LLC was an "employer" within the meaning of the FMLA.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

72.     At all times material to this case, Plaintiff was an "eligible employee" within the meaning of the FMLA.

73.     In August and September 2019, Plaintiff suffered from a "serious health condition."

74.     In September 2019, Plaintiff provided Defendant notice that he needed leave to due to his serious health condition.

75.     Defendant failed to notify Plaintiff in writing whether his leave would be designated as FMLA leave.

76.     Defendant failed to provide Plaintiff written notice detailing his obligations under the FMLA.

77.     Defendant failed to provide Plaintiff with the protected leave required by the FMLA.

78.     Defendant interfered with Plaintiff's right to take leave.

79.     Defendant considered FMLA-protected leave as a negative factor when it disciplined Plaintiff, placed him on a PIP, and fired him.

80.     Defendant failed to allow Plaintiff the full length of time to improve his performance under the PIP due to his FMLA leave.

81.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including lost wages and employment benefits.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, for liquidated damages, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the FMLA.

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.

           /s/   David Albrecht
FIEDLER LAW FIRM, P.L.C.
David Albrecht AT0012635
david@employmentlawiowa.com
Amy Beck AT0013022
amy@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF

E-FILED 2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CARLOS ALBERTO CAVALCANTI COELHO, JR, | Case No. _____ |
| Plaintiff, | |
| vs. | **ORIGINAL NOTICE** |
| COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, | |
| Defendant. | |

TO THE ABOVE-NAMED DEFENDANT:   COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are David Albrecht and Amy Beck of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

_____
CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

# Iowa Judicial Branch

*Case No.* **LACL150737**
*County* **Polk**

*Case Title*  **CARLOS COELHO JR VS COGNIZANT TECHNOLOGY SOLUTIONS**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued* **05/27/2021 11:05:35 AM**



*District Clerk of* Polk                    *County*
**/s/ Jennifer Ewers**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CARLOS ALBERTO CAVALCANTI COELHO, JR, | Case No. _____ |
| Plaintiff, | |
| vs. | **PETITION** |
| COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, | **and**<br>**JURY DEMAND** |
| Defendant. | |

**COMES NOW** the Plaintiff, and for his cause of action against Defendant states the following:

## INTRODUCTION

1.   This is an action under the Iowa Civil Rights Act, the Iowa Wage Payment Collection Law, and the Family Medical Leave Act, challenging Defendant's illegal conduct against Plaintiff.

2.   Plaintiff Carlos Alberto Cavalcanti Coelho, Jr. ("Carlos") is a resident of Polk County, Iowa.

3.   Defendant Cognizant Technology Solutions Services, LLC is an Arizona corporation doing business in Polk County, Iowa.

4.   The acts about which Plaintiff complains occurred in Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

5.   On February 14, 2020, within 300 days of the acts of which he complains, Carlos filed charges of employment discrimination and retaliation against Defendant with the Iowa Civil Rights Commission.  Due to a conflict, the Commission transferred Carlos' complaint to the Des Moines Human Rights Commission.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

6.    On February 10, 2021, the Des Moines Human Rights Commission administratively closed Plaintiff's complaint and on April 7, 2021, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a right to sue letter with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

7.    On November 20, 2013, Defendant hired Carlos as a Senior Process (Executive Level in Programming) to provide technical support over the phone and by live internet chat.

8.    Carlos was an hourly, non-exempt employee.

9.    Though Carlos' shift began at 8:00 a.m., Carlos typically arrived to work at 7:45 a.m.

10.    Defendant ordered Carlos to begin working at 7:45 a.m.

11.    Defendant failed to pay Carlos for these 15 minutes of work.

12.    Defendant also forced Carlos to work during his unpaid lunch hour.

13.    Carlos repeatedly complained about Defendant's failure to pay him for all the time he worked.

14.    Around 2015, Kleber De Souza became Carlos' manager.

15.    In February 2018, Carlos became very sick.  He was hospitalized for five days and eventually diagnosed with Hepatitis B.

16.    De Souza knew Carlos missed work because he was hospitalized, but still issued him a disciplinary attendance point for the absence.

17.    De Souza told Carlos he had to choose between his health and his job.

18.    Carlos continued to miss work for doctor's appointments every few months due to his Hepatitis B.

19.    Around May 2019, De Souza told Carlos' direct supervisor, David Blinshenko, to start assigning Carlos the most difficult cases.

20.    These cases were more time-consuming and complex or involved difficult clients.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

21.     Blinshenko claimed they were assigning Carlos these cases because he was so good at his job.

22.     Carlos had been a top performer, but because the difficult cases took longer to close and the clients tended to be angrier, Carlos' performance numbers suffered.

23.     Carlos repeatedly asked Blinshenko to stop assigning him an overwhelming number of difficult cases, but Blinshenko persisted in doing so.

24.     The added stress exacerbated Carlos' Hepatitis B.

25.     Carlos also began to suffer from depression brought on by stress at work.

26.     Around August 13, Defendant placed Carlos on a performance improvement plan ("PIP").

27.     Many of the "issues" identified in the PIP occurred as the direct result of Defendant's retaliatory work assignments.

28.     The PIP was supposed to last until September 13, 2019.

29.     From August 13 to 26, Carlos continued working but struggled because his Hepatitis B was flaring up.

30.     The increased stress forced Carlos to use paid time off from August 26 to 30.

31.     Carlos' health deteriorated to the point his immune system began crashing.  Carlos was hospitalized from September 2 through 5.

32.     Carlos' wife, Hilda, notified De Souza and Blinshenko about Carlos' hospitalization.

33.     On September 9, Carlos returned to work, but he became very ill and almost lost consciousness.

34.     Carlos' doctor ordered him off work for the rest of the week.

35.     On September 12, Hilda messaged Blinshenko that Carlos had fainted.  She said Carlos was unable to walk, was short of breath, and may have to change his medication.

E-FILED 2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

36.     Hilda asked Blinshenko who she should contact to apply for short-term disability.

37.     Blinshenko failed to respond.

38.     On September 16, Carlos again tried to return to work but was unable to complete the workday.  Hilda picked him up and took him to the doctor.

39.     Around 10:30 a.m., Carlos emailed Defendant's Benefits department that he had been hospitalized.  Carlos requested FMLA and short-term disability paperwork.

40.     Hilda also sent a doctors' note about Carlos' inability to work to Blinshenko.  Hilda also reported that she and Carlos had contacted the Benefits Department.

41.     The evening of September 16, Carlos again emailed the Benefits and Human Resources Departments.  Carlos asked for FMLA and short-term disability paperwork "as soon as possible."  Carlos explained he had "a medical condition and [was] unable to perform [his] work."

42.     By September 22, Defendant still had not responded.  Carlos sent another email, stressing it was "an urgent matter."

43.     Later that day, Carlos received and returned an official Leave of Absence Form.

44.     On the form, Carlos wrote that he was hospitalized from September 2 through 5, and that he had gotten sick when he tried to return on September 9.  Carlos also reported that his doctor excused him from working until September 23.

45.     Carlos returned to work on September 23 but could not login to his computer.

46.     Carlos sought out Blinshenko, to find out what was going on.

47.     Blinshenko fired Carlos on the spot.

48.     Blinshenko claimed Carlos failed to complete the PIP.

49.     The PIP was supposed to run from August 12 to September 12.

50.     Carlos had been on protected leave since August 26.

51.     David Blinshenko was an employee and agent of Defendant, acting at all material times within the scope of his employment and agency.

52.     Kleber De Souza was an employee and agent of Defendant, acting at all material times within the scope of his employment and agency.

## COUNT I
## VIOLATIONS OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION AND RETALIATION

53.     Plaintiff repleads paragraphs 1 through 52 as if fully set forth herein.

54.     Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

55.     Plaintiff's Hepatitis B substantially limited one or more major life activities, including but not limited to his ability to take care of himself, walk, perform manual tasks, and work.

56.     Plaintiff's Hepatitis B also affected Plaintiff's muscular, digestive, central nervous, endocrine, and circulatory systems.

57.     In the alternative, Defendant perceived Plaintiff as being disabled.

58.     Defendant discriminated against Plaintiff and fired him.

59.     Plaintiff's disability was a motivating factor in Defendant's discrimination.

60.     Plaintiff requested reasonable accommodations.

61.     Defendant failed to accommodate Plaintiff.

62.     Defendant retaliated against Plaintiff and fired him.

63.     Plaintiff's requests for reasonable accommodations were a motivating factor in Defendant's retaliation.

64.     As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, embarrassment, betrayal, stress, loss of enjoyment of life, medical expenses, lost wages, and employment benefits.

5

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief, for prejudgment and postjudgment interest, for attorney fees including litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF IOWA WAGE PAYMENT COLLECTION LAW
## WAGE THEFT

65.    Plaintiff repleads paragraphs 1 through 64 as if fully set forth.

66.    Plaintiff was an hourly, non-exempt employee.

67.    Plaintiff performed work on behalf of Defendant before his normal hours and during his unpaid lunch hour.

68.    Defendant intentionally failed to pay Plaintiff the full amount of his wages due in violation of the Iowa Wage Payment Collection Law.

69.    As a result of Defendant's acts and omissions, Plaintiff has lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for attorney fees, including litigation expenses, for prejudgment and postjudgment interest, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Wage Payment Collection Law.

## COUNT III
## INTERFERENCE IN VIOLATION OF FAMILY MEDICAL LEAVE ACT

70.    Plaintiff repleads paragraphs 1 through 69 as if fully set forth herein.

71.    At all times material to this case, Defendant Cognizant Technology Solutions Services, LLC was an "employer" within the meaning of the FMLA.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

72.     At all times material to this case, Plaintiff was an "eligible employee" within the meaning of the FMLA.

73.     In August and September 2019, Plaintiff suffered from a "serious health condition."

74.     In September 2019, Plaintiff provided Defendant notice that he needed leave to due to his serious health condition.

75.     Defendant failed to notify Plaintiff in writing whether his leave would be designated as FMLA leave.

76.     Defendant failed to provide Plaintiff written notice detailing his obligations under the FMLA.

77.     Defendant failed to provide Plaintiff with the protected leave required by the FMLA.

78.     Defendant interfered with Plaintiff's right to take leave.

79.     Defendant considered FMLA-protected leave as a negative factor when it disciplined Plaintiff, placed him on a PIP, and fired him.

80.     Defendant failed to allow Plaintiff the full length of time to improve his performance under the PIP due to his FMLA leave.

81.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including lost wages and employment benefits.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will fully and fairly compensate him for his injuries and damages, for liquidated damages, for appropriate equitable and injunctive relief, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the FMLA.

E-FILED  2021 MAY 27 10:01 AM POLK - CLERK OF DISTRICT COURT

## JURY DEMAND

COMES NOW the Plaintiff and requests a trial by jury.

<div style="margin-left: 40%;">

   */s/   David Albrecht*

FIEDLER LAW FIRM, P.L.C.
David Albrecht AT0012635
david@employmentlawiowa.com
Amy Beck AT0013022
amy@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Fax: (515) 254-9923
ATTORNEYS FOR PLAINTIFF

</div>

E-FILED 2021 JUN 07 3:37 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CARLOS ALBERTO CAVALCANTI COELHO, JR., | CASE NO. LACL150737 |
| Plaintiff, | |
| vs. | |
| COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, | **AFFIDAVIT OF SERVICE** |
| Defendant. | |

STATE OF IOWA      )

                      ) SS:

COUNTY OF POLK   )

I, Haley Bryant, being duly sworn on oath depose and state that I am neither a party to the above-entitled cause of action, nor an attorney representing either party, that on the 2nd day of June, 2021, I served the Original Notice and Petition and Jury Demand upon Cognizant Technology Solutions Servies, LLC by personally serving a copy to its registered agent at Corporate Service Company, 505 5th Ave., Suite 729, Des Moines, Iowa 50309.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the foregoing is true and correct.

Dated this 7th day of June, 2021.

_____

Haley Bryant

Service Fees:

| | |
|---|---|
| Process | $ 15.00 |
| Mileage | $ 4.47 |
| Total: | $ 19.47 |

E-FILED  2021 JUN 18 11:53 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| CARLOS ALBERTO CAVALCANTI | ) | |
| COELHO, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: LACL150737 |
| vs. | ) | |
| | ) | |
| COGNIZANT TECHNOLOGY | ) | |
| SOLUTIONS SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

Defendant Cognizant Technology Solutions Services, LLC, hereby moves the Court for an extension of time in which to answer or otherwise respond to Plaintiff's Petition. Defendant's counsel has conferred with Plaintiff's counsel, and Plaintiff's counsel does not oppose the motion. In support of its motion, Defendant states:

1.  Plaintiff filed his original Petition on May 27, 2021.

2.  Defendant was served with Plaintiff's Petition on June 2, 2021. Defendant's current deadline to answer or otherwise respond is June 22, 2021.

3.  Defendant needs additional time to review and investigate the allegations in the Petition and prepare an appropriate response to the same.

4.  Defendant respectfully requests a two-week extension, through and including July 6, 2021, to answer or otherwise respond.

5.  Counsel for Defendant has contacted counsel for Plaintiff and has been advised that Plaintiff has no objection to the requested extension.

6.  No prior extensions have been requested and the extension will not prejudice any party.

E-FILED 2021 JUN 18 11:53 AM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Defendant respectfully moves this Court for an extension of time through and including July 6, 2021, to answer or otherwise respond to Plaintiff's Petition.

Respectfully submitted,

*/s/ Jeannie M. DeVeney*
Jeannie M. DeVeney, AT0002008
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, a true and correct copy of the foregoing was electronically submitted via the Court's e-filing system, which generated notice of same to the following counsel of record:

David Albrecht, AT0012635
Amy Beck, AT0013022
FIEDLER LAW FIRM, P.L.C.
8831 Windsor Parkway
Johnston, IA 50131
Telephone: 515.254.1999
Facsimile: 515.254.9923
david@employmentlawiowa.com
amy@employmentlawiowa.com

ATTORNEYS FOR PLAINTIFF

*/s/ Jeannie M. DeVeney*
ATTORNEY FOR DEFENDANT

2

E-FILED  2021 JUN 18 11:53 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| CARLOS ALBERTO CAVALCANTI COELHO, JR, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: LACL150737 |
| vs. | ) ) | |
| COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, | ) ) ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

Jeannie M. DeVeney, of Littler Mendelson, P.C., hereby enters her appearance as counsel of record on behalf of Defendant Cognizant Technology Solutions Services, LLC, in the above-captioned case.

Respectfully submitted,

*/s/ Jeannie M. DeVeney*
Jeannie M. DeVeney, AT0002008
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com

ATTORNEY FOR DEFENDANT

E-FILED  2021 JUN 18 11:53 AM POLK - CLERK OF DISTRICT COURT

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2021, a true and correct copy of the foregoing was electronically submitted via the Court's e-filing system, which generated notice of same to the following counsel of record:

> David Albrecht, AT0012635
> Amy Beck, AT0013022
> FIEDLER LAW FIRM, P.L.C.
> 8831 Windsor Parkway
> Johnston, IA 50131
> Telephone: 515.254.1999
> Facsimile: 515.254.9923
> david@employmentlawiowa.com
> amy@employmentlawiowa.com
>
> ATTORNEYS FOR PLAINTIFF

*/s/ Jeannie M. DeVeney*
ATTORNEY FOR DEFENDANT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CARLOS ALBERTO CAVALCANTI COELHO, JR, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| COGNIZANT TECHNOLOGY SOLUTIONS SERVICES, LLC, | ) ) ) |
| Defendant. | ) |

Case No.: LACL150737

## ORDER

The Court this day takes up Defendant Cognizant Technology Solutions Services, LLC's

*Unopposed Motion for an Extension of Time to Answer or Otherwise Respond.* After considering

the motion, it is **GRANTED**. The deadline for Defendant to answer or otherwise respond to

Plaintiff's Petition is extended up to and including July 6, 2021.

**IT IS SO ORDERED**.



State of Iowa Courts

**Case Number**        **Case Title**
LACL150737             CARLOS CAVALCANTI COELHO JR V COGNIZANT
                       TECHNOLOGY SOLUTIONS
**Type:**              OTHER ORDER

So Ordered

William P. Kelly, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2021-06-21 12:50:47